UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ERIC GLENN FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 19-1186-JDT-cgc |
| | ) |
| CRIMINAL JUSTICE CENTER, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER DISMISSING COMPLAINT, GRANTING LEAVE TO AMEND
AND DENYING PENDING MOTIONS

On August 29, 2019, Plaintiff Eric Glenn Franklin, who is incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order the same day, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as the CJC and Judge Don Allen.

Franklin alleges various unpleasant conditions at the CJC, including black mold, overcrowding of inmates, and leaking ceilings and toilets. (ECF No. 1 at PageID 2.) He alleges that some inmates are forced to sleep on the floor on plastic mats and some without mats, others are held in segregation for over a week without any opportunity for recreation, and others are not protected from violent attacks. (*Id.*) He asserts that the CJC fails "to maintain minimum sanitary conditions in food service areas" and on the food flaps of the cells. (*Id.*) He further alleges that

"some inmates" have caught staph infections in the CJC and others have not received proper medical treatment. (*Id.* at PageID 2-3.)

Franklin also alleges that he is falsely imprisoned because his "bond was still active when Madison County investigat[o]rs picked me up for detainer." (*Id.* at PageID 3.) Franklin also states, without elaboration, "Excessive Bond; 7/3/2018 Judge Don Allen Court Room" and "Malicious Prosecution: 8/13/18." (*Id.*)

Franklin seeks responses to his grievances, improvements in the conditions, and a change in intake procedures. (*Id.* at PageID 4.) He also seeks $4 million in damages. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make

a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Franklin filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The CJC is not an entity subject to suit under § 1983. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Franklin's allegations are construed as claims against Madison County, which may be held liable *only* if Franklin's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the

municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Franklin does not allege that a Madison County policy is responsible for the conditions of the CJC. He merely alleges that the unpleasant conditions exist. Franklin therefore fails to state a claim against Madison County.

Moreover, the allegations in the complaint about the conditions at the CJC are stated only generally, asserting that "some inmates" have been affected by the various conditions at the CJC. However, Franklin does not have standing to assert claims on behalf of any inmate other than himself, and there are no factual allegations in the complaint setting out how Franklin was personally affected or harmed by the conditions of which he complains. One of the three elements of standing is that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote and citations omitted). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted). Unless Franklin suffered an actual injury, he "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001).

Because Franklin cannot sue on behalf of other CJC inmates and has not alleged that he suffered any personal injury from the policies or practices of which he complains, he has not established that he has standing to pursue his claim about those conditions and has failed to state a claim on which relief may be granted.

To the extent Franklin seeks to sue Judge Allen for the bond imposed on him, he may not do so. Judges are absolutely immune from civil liability in the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). The setting of bond is an action that is unquestionably within the scope of Judge Allen's judicial function. Therefore, the claim against Judge Allen is barred by judicial immunity.

To the extent Franklin seeks to assert claims of malicious prosecution and false imprisonment, he fails to do so. He does not name any individual responsible for either. Nor does he allege any facts in support of his claim of malicious prosecution. He instead merely invokes that cause of action and lists a date. Franklin's bald allegations are insufficient to state a claim for either false imprisonment or malicious prosecution.

Nor does Franklin state a claim regarding the grievance procedure at the CJC. "There is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v.*

*Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983 claim therefore cannot be premised on contentions that the grievance procedure was inadequate. *Id.*

For the foregoing reasons, Franklin's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Franklin should be given an opportunity to amend his complaint.

In conclusion, Franklin's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **November 19, 2019**.

Franklin is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify

each defendant sued in that count. If Franklin fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Franklin also filed motions for subpoenas, release of a log book, and release of video. (ECF Nos. 6-8.) Because his complaint is still in the screening phase and the Court has not yet directed that any Defendant should be served with process, his motions are premature. The motions are therefore DENIED without prejudice to refiling, if necessary, at a later, appropriate time.

IT IS SO ORDERED.

          s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE